UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

FINES ENTERPRISES,

    Plaintiff,

v.                                             Case No. 6:16-cv-1244-Orl-37TBS

KEVIN RUARK; BREANNA SAAGMAN; MATTHEW SAAGMAN; HAVEN HOME HEALTH CARE II, LLC; THOMAS TAYLOR; COPIA HEALTH CARE, LLC; MICHAEL MOSES; MATTHEW RUARK; and JAMIN RUARK,

    Defendants.

## ORDER

In the instant action, Defendants Haven Home Health Care II, LLC, Kevin Ruark, Breanna Saagman, Matthew Saagman, Michael Moses, Matthew Ruark, and Jamin Ruark's move for dismissal of the Amended Complaint. (Doc. 43.) For the reasons set forth below, the motion is due to be granted and the Amended Complaint is due to be dismissed.

### I. PROCEDURAL HISTORY

Plaintiff—a home health care agency—initiated this action under the Racketeer Influence and Corrupt Organizations ("**RICO**") Act on July 11, 2014. (Doc. 1.) On October 24, 2016, the Court dismissed Plaintiff's initial complaint without prejudice and permitted repleader. (Doc. 37.) Plaintiff did so on November 4, 2016. (Doc. 40 ("**Amended Complaint**").) Defendants now seek dismissal of the Amended Complaint on the ground

that it fails to state a claim upon which relief can be granted. (Doc. 43 ("**MTD**").) Plaintiff filed an untimely response (Doc. 46 ("**Response**")), and the matter is ripe for the Court's consideration.[1]

## II. PLEADING STANDARDS

### A. General Pleading Requirements

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "[D]etailed factual allegations" are not required, but "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Rather, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows [a] court to draw the reasonable inference that defendant is liable for the misconduct alleged." *Id.* at 678; *see also Bailey v. Wheeler*, 843 F.3d 473, 480 (11th Cir. 2016).

Under Federal Rule of Civil Procedure 12(b)(6), a party may request dismissal of a pleading that falls short of these pleadings requirements. In resolving such motions, courts limit their consideration to the face of the complaint, its attachments, "documents incorporated into the complaint by reference, and matters of which a court may take

---

[1] Plaintiff is forewarned that failure to adhere to Court deadlines may result in the imposition of sanctions without further notice.

judicial notice." *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007); *see also Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Dismissal is warranted if, assuming the truth of the factual allegations of the complaint in a plaintiff's favor, there is a dispositive legal issue which precludes relief. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).

**B.     The RICO Act**

The federal RICO Act provides a private right of action for anyone injured in his business or property by a violation of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c). Subsections 1962(a), (b), (c) impose liability on those who engage in a pattern of racketeering if they also do the following: (1) invest income derived from a pattern of racketeering activity of an enterprise engaged in interstate commerce (§ 1962(a)); (2) acquire or maintain, through a pattern of racketeering activity, any interest in or control over such an enterprise (§ 1962(b)); or (3) conduct or participate in the conduct of the affairs of such an enterprise through a pattern of racketeering activity (§ 1962(c)). *See Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 705 (11th Cir. 2014). Section 1962(d) makes it a crime to conspire to violate the preceding sections.

Pleading a "pattern of racketeering activity" is essential to the survival of a claim under any of the RICO subsections. To that end, a plaintiff must charge that: (1) the defendant committed two or more predicate acts; (2) the predicate acts were related to one another; and (3) the predicate acts demonstrate criminal conduct of a continuing nature. *See Jackson v. BellSouth Telecomm.*, 372 F.3d 1250, 1264–65 (11th Cir. 2004).

"Racketeering activity" includes, *inter alia*, such predicate acts as mail and wire fraud. *See* 18 U.S.C. § 1961(1).

### III. ANALYSIS

The Amended Compliant falls short of alleging plausible RICO claims. At best, Plaintiff sketches only the outline of a scheme to defraud premised on Defendants inducing Plaintiff into agreements, whereby Defendants would manage Plaintiff's day-to-day operations, including billing the Medicare Program[2] under Plaintiff's Medicare Provider Number ("**Management Agreements**"). (*See* Doc. 40, ¶¶ 16–19, 22.) Such access enabled Defendants to allegedly bill Medicare for medically unnecessary services, for which they received partial payment at the time of service ("**Medicare Payments**"). (*See id.* ¶¶ 22, 33.) Thereafter, Defendants and Plaintiff engaged in telephone and email communications concerning "payroll, IT matters, marketing, contract negotiations, and other business related matters" and communicated about the "promise of a business relationship."[3] (*Id.* ¶ 37.) According to Plaintiff, Defendants' billing practice resulted in overpayments, for which Plaintiff remains financially responsible. (*Id.* ¶ 22.)

---

[2] Medicare is a federally-subsidized health insurance program for the elderly and persons with disabilities. *See* 42 U.S.C. § 1395j. The Medicare Program is administered by the Centers for Medicare and Medicaid Services, a component of the U.S. Department of Health and Human Services.

[3] The facts from the Amended Complaint are taken as true and construed in the light most favorable to Plaintiff, the non-moving party. *See Hill v. While*, 321 F.3d 1334, 1335 (11th Cir. 2003).

But such conclusory allegations do not identify a single misrepresentation made to Plaintiff that would substantiate mail or wire fraud.[4] *See United States v. Ward*, 486 F.3d 1212, 1221–22 (11th Cir. 2007) (discussing the elements required to establish mail and wire fraud). Plaintiff's allegations of facially benign conversations evidence routine discussions germane to any business. (*See* Doc. 40, ¶¶ 37–39.) Confusingly, Plaintiff points to Defendants' practice of billing for medically unnecessary services (*Id.* ¶ 22) but does not identify if such a practice is part of the scheme to defraud or the result of it. To the extent that Plaintiff relies on the alleged fraudulent billing practice to substantiate a pattern of racketeering predicated on wire fraud, the Amended Complaint is equally devoid of any facts from which the Court could infer a scheme to defraud.

In addition, Plaintiff fails to plead facts with particularity, as required by Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b); *Ambrosia Coal & Constr. Co. v. Pages Morales*, 482 F.3d 1309, 1316 (11th Cir. 2007) (holding that civil RICO claims premised on mail and wire fraud are "essentially a certain breed of fraud claims" and must satisfy Rule 9(b)). To satisfy Rule 9(b), a plaintiff must allege: (1) the precise statements, documents, or misrepresentations made; (2) the time, place, and each person responsible for the statement; (3) the content and manner in which the statements misled the plaintiff; and (4) what the defendants gained by the alleged fraud. *See Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citing *Brooks v. Blue Cross & Blue Shield of Fla.*,

---

[4] Indeed, Plaintiff utterly fails to substantiate a pattern of racketeering based on mail fraud, as nothing in the Amended Complaint suggests that Defendants mailed anything.

*Inc.*, 116 F.3d 1364, 1380–81 (11th Cir. 1997)). Where multiple defendants are involved, a complaint should inform each defendant of the nature of his alleged participation in the fraud. *See Ambrosia Coal & Constr. Co.*, 482 F.3d at 1317.

Here, Plaintiff fails to describe the parties to, the place of, or the content of such conversations, any misrepresentations made, or how such communications furthered a scheme to defraud. Nor does Plaintiff apprise each Defendant of his individual involvement in the allegedly fraudulent activity; instead, it lumps all Defendants together. (*See* Doc. 40, ¶ 37.)[5] These vague, omnibus allegations are precisely the sort of pleading which Rule 9(b) seeks to prevent.

Recognizing these obvious deficiencies, Plaintiff attempts to bolster its allegations in the Amended Complaint through affidavits and exhibits attached to its Response (*see, e.g.*, Doc. 46-7; Doc. 46-8), but a well-supported response does not make a well-pled complaint. And in resolving the instant MTD, the Court may consider only the factual allegations contained in the Amended Complaint and documents either attached thereto or incorporated by reference. *See Hoefling*, 811 F.3d at 1277. Because these affidavits and

---

[5] The Amended Complaint inconsistently defines "Management Group" parenthetically including different groups of Defendants. (*Compare* Doc. 40, ¶ ¶ 16, 25 (referencing Defendants Kevin Ruark, Breanna Saagman, Matthew Saagman, Have Home Health Care II, LLC, Thomas N. Taylor, and Copia Health Care) *with id.* ¶ 49 (referencing Defendants Kevin Ruark, Michael Moses, Matthew Ruark, Jamin Ruark, Breanna Saagamn, and Matthew Saagman).) Such confusing parenthetical references are not curative because Plaintiff does not connect any Defendants to an alleged scheme to defraud.

exhibits were not relied on, attached to, or incorporated by reference in the Amended Complaint, the Court gives no consideration to their content.

Finally, in each count, Plaintiff essentially retreads its general allegations under separate headings. (*Compare* Doc. 40, ¶¶ 25–42 *with id.* ¶¶ 44–61.) Such a practice fails to appreciate the unique elements required to plead a violation of each subsection of § 1962. Hence the MTD is due to be granted, and the Amended Complaint is due to be dismissed.

### IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Amended Complaint (Doc. 43) is **GRANTED.**

2. The Amended Complaint (Doc. 40) is **DISMISSED WITHOUT PREJUDICE**.

3. On or before, Thursday, **April, 20, 2017**, Plaintiff may file an amended complaint that addresses the deficiencies addressed in this Order. If Plaintiff chooses to replead, it should do so in a manner that is compliant with Rule 9(b) and the legal authority associated with civil RICO claims.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on April 7, 2017.



ROY B. DALTON JR.
United States District Judge

- 8 -

Copies:

Counsel of Record